UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHANIE REDMAN VANDERVORSTE | : | |
| and JEFFREY VANDERVORSTE, | : | |
| individually and p.p.a. as Guardians and | : | |
| Next Friends of L. C. VANDERVORSTE, | : | |
| a minor | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | |
| DANIEL SNYDER, M.D.; | : | |
| NEWTON WELLESLEY ORTHOPEDIC | : | |
| ASSOCIATES; | : | |
| JOHN and/or JANE DOE, M.D., Alias; and | : | |
| JOHN DOE CORPORATION, Alias | : | |

**COMPLAINT**

**Parties and Jurisdiction**

1.      Plaintiff Stephanie Redman Vandervorste (hereinafter "Mrs. Vandervorste") is a resident and citizen of the City of Warwick, State of Rhode Island.

2.      Plaintiff Jeffrey Vandervorste (hereinafter "Mr. Vandervorste") is a resident and citizen of the City of Warwick, State of Rhode Island.

3.      Mr. and Mrs. Vandervorste are/were husband and wife at all times relevant to this action and they bring this action individually and as guardians and next friends of their child, L.C. Vandervorste, a minor.

4.      Defendant, Daniel Snyder, M.D. ("Snyder") upon information and belief is a citizen and resident of Massachusetts. At all times mentioned herein, said defendant was engaged in the practice of medicine in Massachusetts and held himself out to be a specialist in the field of Orthopedic Medicine. At all times mentioned herein, defendant Snyder was and is an employee, agent and/or servant of Newton Wellesley Orthopedic Associates.

5.      Defendant Newton Wellesley Orthopedic Associates is a non-business medical group corporation existing under the laws of the Commonwealth of Massachusetts with a principal

place of business herein.  At all relevant times, defendant Snyder was an employee, agent, and/or servant of defendant Newton Wellesley.

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00 exclusive of costs and interest.

7.  Venue is properly set in the United States District for the District of Rhode Island pursuant to 28 U.S.C. § 1391.  Plaintiffs believe and therefore aver the facts which follow.

## Facts

8.  Mrs. Redman Vandervorste treated at Newton Wellesley Orthopedic Associates from June 10, 2013 until January 22, 2014 for hip pain.

9.  Mrs. Redman Vandervorste underwent a right hip total arthroplasty on August 4, 2014 performed by Daniel Snyder, M.D.

10.  Mrs. Redman Vandervorste continued to treat with Newton Wellesley Orthopedic Associates and on or about December 31, 2014, Mrs. Redman Vandervorste was diagnosed with right hip iliopsoas tendinopathy.

11.  Due to defendants' negligence, Mrs. Vandervorste continues to suffer severe hip pain.

## COUNT I
### NEGLIGENCE
### DEFENDANT DANIEL SNYDER, M.D.

1.  Plaintiffs hereby incorporate Paragraphs 1 through 11 of the Complaint as if fully set forth herein.

2.  On or about June 10, 2014 and thereafter, defendant Snyder undertook for a valuable consideration to diagnose, treat, and care for Stephanie Redman Vandervorste.

3.      It then and there became and was the duty of defendant Snyder to exercise that degree of diligence and skill required of the average physician engaged in the practice of orthopedic medicine.

4.      Nevertheless, defendant Snyder disregarded his duty as aforesaid and failed to exercise said degree of diligence and skill in that he failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mrs. Vandervorste and was otherwise negligent in his diagnosis, treatment, and care of her.

5.       As a direct and proximate result of defendant Snyder's negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged.  Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant Daniel Snyder, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT II
### LACK OF INFORMED CONSENT
### DEFENDANT DANIEL SNYDER, M.D.

1.      Plaintiffs hereby incorporate Paragraphs 1 and 2 of Count I as if set forth fully at length herein.

2.      It then and there became the duty of defendant Snyder, no emergency existing, to inform plaintiff Stephanie Vandervorste of the risks of harm attendant to the treatment and care he proposed to administer to and perform upon her so that she could give her informed consent to such treatment.  It also then and there became the duty of defendant Snyder to obtain her informed consent before proceeding with said treatment and care.

3.      Nevertheless, defendant Snyder disregarded his duty as aforesaid and failed to inform Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained Plaintiff her informed consent.

4.      If defendant Snyder had informed Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5.       As a direct and proximate result of defendant Snyder's negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in

the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant Daniel Snyder, M.D., in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT III
### NEGLIGENCE
### NEWTON WELLESLEY ORTHOPEDIC ASSOCIATES

1.      Plaintiffs hereby incorporate Paragraphs 1 through 11 of the General Allegations as if fully set forth herein.

2.      On or about June 10, 2014 and thereafter Newton Wellesley Orthopedic Associates undertook for a valuable consideration to diagnose treat and care for Mrs. Vandervorste.

3.      It then and there became and was the duty of said Newton Wellesley Orthopedic Associates through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mrs. Vandervorste.

4.      Nevertheless, Newton Wellesley Orthopedic Associates disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the employees, agents, servants, and/or partners of Newton Wellesley Orthopedic Associates failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mrs. Vandervorste and was otherwise negligent in its diagnosis, treatment, and care of her.

5.      As a direct and proximate result of defendant Newton Wellesley Orthopedic Associates' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant Newton Wellesley Orthopedic Associates in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT IV
#### LACK OF INFORMED CONSENT
#### NEWTON WELLESLEY ORTHOPEDIC ASSOCIATES

1.      Plaintiffs hereby incorporate Paragraphs 1 and 2 of Count III as if fully set forth herein.

2.      It then and there became the duty of Newton Wellesley Orthopedic Associates, no emergency existing, to inform Mrs. Vandervorste of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her informed consent to such treatment.  It also then and there became the duty of Newton Wellesley Orthopedic Associates to obtain Mrs. Vandervorste's informed consent before proceeding with said treatment and care.

3.      Nevertheless, Newton Wellesley Orthopedic Associates disregarded its duty as aforesaid and failed to inform Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.      If Newton Wellesley Orthopedic Associates had informed Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5.      As a direct and proximate result of defendant Newton Wellesley Orthopedic Associates' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant Newton Wellesley Orthopedic Associates in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT V
### CORPORATE LIABILITY
### NEWTON WELLESLEY ORTHOPEDIC ASSOCIATES

1.      Plaintiffs hereby incorporate Paragraphs 1 and 2 of Count III as if fully set forth herein.

2.      It then and there became and was the duty of Newton Wellesley Orthopedic Associates to provide quality medical care to Mrs. Vandervorste to exercise the care in granting credentials and privileges to those providing care and treatment at Newton Wellesley Orthopedic Associates, to protect her safety, to protect her from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for her protection and well-being.

3.      Nevertheless, Newton Wellesley Orthopedic Associates negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Mrs. Vandervorste.

4.      As a direct and proximate result of defendant Newton Wellesley Orthopedic Associates' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

5.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant Newton Wellesley Orthopedic Associates in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT VI**
**VICARIOUS LIABILITY**
**NEWTON WELLESLEY ORTHOPEDIC ASSOCIATES**

1.      Plaintiffs hereby incorporate Paragraphs 1 through 11 of the General Allegations and Counts I and II are hereby incorporated by reference as if fully set forth at length herein.

2.      At all material times, defendant Snyder was an employee, agent, apparent agent, and/or servant of Newton Wellesley Orthopedic Associates, and was acting within the scope of his employment or agency.

3.      At all relevant times, Newton Wellesley Orthopedic Associates was vicariously responsible for the acts and conduct of its employees, agents, apparent agents, and servants, including, but not limited to, the negligent acts or conduct of Snyder, as set forth.

4.       As a direct and proximate result of defendant Newton Wellesley Orthopedic Associates' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

5.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant Newton Wellesley Orthopedic Associates in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT VII
### NEGLIGENCE
### JOHN AND/OR JANE DOE, M.D., ALIAS

1.      Plaintiffs hereby incorporate Paragraphs 1 through 11 of the General Allegations as if fully set forth herein.

2.      On or about June 10, 2014 and thereafter, defendants undertook for a valuable consideration to diagnose, treat, and care for Mrs. Vandervorste.

3.      It then and there became and was the duty of the defendants to exercise that degree of diligence and skill required of the average physician in the practice of medicine.

4.      Nevertheless, defendants disregarded their duty as aforesaid and failed to exercise said degree of diligence and skill in that they failed to properly diagnose and failed to render adequate, proper, and necessary treatment to Mrs. Vandervorste and were otherwise negligent in their diagnosis, treatment, and care of her.

5.      As a direct and proximate result of defendants' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant John and/or Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

**COUNT VIII**
**LACK OF INFORMED CONSENT**
**JOHN AND/OR JANE DOE, M.D., ALIAS**

1.      Plaintiffs hereby incorporate Paragraphs 1 and 2 of Count VII as if fully set forth herein.

2.      It then and there became the duty of defendants, no emergency existing, to inform Mrs. Vandervorste of the risks of harm attendant to the treatment and care they proposed to administer to and perform upon her so that she could give her informed consent to such treatment. It also then and there became the duty of defendants to obtain her informed consent before proceeding with said treatment and care.

3.      Nevertheless, defendants disregarded their duty as aforesaid and failed to inform Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.      If defendants had informed Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question including, but not limited to, the risk of her suffering those injuries from which she suffered and continues to suffer as a direct result of their performance of the treatment and care in question, Mrs. Vandervorste would have refused to consent to the performance of said treatment and care.

5.       As a direct and proximate result of defendants' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or

after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendants, John and/or Jane Doe, M.D., Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## COUNT IX
### NEGLIGENCE
### JOHN DOE CORPORATION, ALIAS

1.      Plaintiffs hereby incorporate Paragraphs 1 through 11 of the General Allegations as if fully set forth herein.

2.      On or about June 10, 2014 and thereafter John Doe Corporation, Alias undertook for a valuable consideration to diagnose treat and care for Mrs. Vandervorste.

3.      It then and there became and was the duty of said John Doe Corporation, Alias through its agents, servants, employees and partners, to exercise ordinary care in the diagnosis, treatment and care of Mrs. Vandervorste.

4.      Nevertheless, John Doe Corporation, Alias disregarded its duty as aforesaid and, through its agents, servants, employees, and partners, failed to exercise said ordinary care in that the

14

employees, agents, servants, and/or partners of John Doe Corporation, Alias failed to properly diagnose and failed to render adequate, proper and necessary treatment to Mrs. Vandervorste and was otherwise negligent in its diagnosis, treatment, and care of her.

5.      As a direct and proximate result of defendant John Doe Corporation, Alias' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

15

### COUNT X
### LACK OF INFORMED CONSENT
### JOHN DOE CORPORATION, ALIAS

1.      Plaintiffs hereby incorporate Paragraphs 1 and 2 of Count IX as if fully set forth herein.

2.      It then and there became the duty of John Doe Corporation, Alias, no emergency existing, to inform Mrs. Vandervorste of the risks of harm attendant to the treatment and care it proposed to administer to and perform upon her so that she could give her informed consent to such treatment.  It also then and there became the duty of John Doe Corporation, Alias to obtain Mrs. Vandervorste's informed consent before proceeding with said treatment and care.

3.      Nevertheless, John Doe Corporation, Alias disregarded its duty as aforesaid and failed to inform Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question and proceeded to perform said treatment and care without having obtained her informed consent.

4.      If John Doe Corporation, Alias had informed Mrs. Vandervorste of the risks of harm attendant to the treatment and care in question, including, but not limited to, the risk that she might suffer those injuries from which she suffered as a direct performance of said treatment and care, she would have refused to consent to the performance of the treatment and care therein involved.

5.       As a direct and proximate result of defendant John Doe Corporation, Alias' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs.

Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

6.        By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

7.        By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

### COUNT XI
#### CORPORATE LIABILITY
#### JOHN DOE CORPORATION, ALIAS

1.        Plaintiffs hereby incorporate Paragraphs 1 and 2 of Count IX as if fully set forth herein.

2.        It then and there became and was the duty of John Doe Corporation, Alias to provide quality medical care to Mrs. Vandervorste to exercise the care in granting credentials and privileges to those providing care and treatment at John Doe Corporation, Alias, to protect her safety, to protect her from incompetent and/or negligent treatment, and to otherwise exercise reasonable care for her protection and well-being.

3.        Nevertheless, John Doe Corporation, Alias negligently disregarded its duty as aforesaid in that it failed to promulgate and enforce policies and procedures to insure the delivery of

ordinary medical group care and otherwise failed to discharge its responsibilities as a medical group to Mrs. Vandervorste.

4.      As a direct and proximate result of defendant John Doe Corporation, Alias' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

5.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

18

## COUNT XII
### VICARIOUS LIABILITY
### JOHN DOE CORPORATION, ALIAS

1.      Plaintiffs hereby incorporate Paragraphs 1 through 11 of the General Allegations and Counts VII and VIII are hereby incorporated by reference as if fully set forth at length herein.

2.      At all material times, defendants John and/or Jane Doe, M.D., Alias were employees, agents, apparent agents, and/or servants of John Doe Corporation, Alias, and were acting within the scope of their employment or agency.

3.      At all relevant times, John Doe Corporation, Alias was vicariously responsible for the acts and conduct of its employees, agents, apparent agents, and servants, including, but not limited to, the negligent acts or conduct of John and/or Jane Doe, M.D., Alias, as set forth.

4.      As a direct and proximate result of defendant John Doe Corporation, Alias' negligence as aforesaid, Mrs. Vandervorste suffered severe injuries to her mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform her usual activities, has suffered a loss of earning capacity and loss of earnings, and loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged. Said injuries were not known to Mrs. Vandervorste until on or after December 31, 2014, during which time she was continually treating with and maintained a physician-patient relationship with the defendants.

5.      By reason of the foregoing, plaintiffs have incurred and will in the future incur the need for and resulting expenses for medical and nursing treatment, medicines, hospitalization, therapy, and the like.

6.      By reason of the foregoing, Jeffrey Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of his wife Stephanie Vandervorste

and  L.C. Vandervorste has suffered and will continue to suffer the loss of services, companionship, society, and comfort of her mother Stephanie Vandervorste.

WHEREFORE, plaintiffs Stephanie Redman Vandervorste and Jeffrey Vandervorste, individually and as p.p.a. L.C. Vandervorste, demand judgment against defendant John Doe Corporation, Alias in an amount exceeding the jurisdictional minimum of this Court, exclusive of interest and costs, and whatever further relief this Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury and designate Amato A. DeLuca as trial counsel.

Plaintiffs,
By their attorneys:


/s/ Amato A. Deluca
Amato A. DeLuca (BBO #638458)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 Fax

Dated: December 26, 2017